UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| POINTE EAST CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania company; and DOE INSURANCE COMPANIES 1-10,<br><br>                    Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

Plaintiff Pointe East Condominium Association ("the Association") alleges as follows:

## I.     INTRODUCTION

1.1    This is an action for declaratory judgment, breach of contract, bad faith, Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)    A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Defendant Philadelphia Indemnity Insurance Company ("Philadelphia") insurance policies issued to the Association. The Association is seeking a ruling that Philadelphia's policies provide coverage for the hidden damage at the Pointe East Condominium complex and that Philadelphia is liable for money damages for the cost of investigating and repairing hidden damage at the Pointe East Condominium complex.

(B)    Damages for breach of contract, bad faith, and CPA violations.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CPA VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

(C)     Attorneys' fees (including expert witness fees) and costs.

(D)     Any other relief the Court deems just and equitable.

## II.     PARTIES AND INSURANCE CONTRACTS

2.1     The Association. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in King County, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Pointe East Condominium complex located 9009 Avondale Road NE, Redmond WA 98052. The Association consists of 19 buildings, 76 residential units, and a clubhouse.

2.2     Philadelphia.  The Philadelphia Indemnity Insurance Company ("Philadelphia") is a Pennsylvania corporation with its principal place of business in Bala Cynwyd, Pennsylvania. Philadelphia sold property insurance policies to the Association including but not limited to Policy Nos. PHPK1323405, PHPK1468876, PHPK1624279, PHPK1800208, and PHPK1968007 in effect from at least April 3, 2015 to April 2, 2020. The Philadelphia policies identify the Pointe East Condominium complex as covered property.

2.3     Doe Insurance Companies 1-10.  Doe Insurance Companies 1-10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Pointe East Condominium complex as covered property.

2.4     Pointe East Insurers.  Philadelphia and Doe Insurance Companies 1-10 shall be collectively referred to as the "Pointe East Insurers."

2.5     Pointe East Policies. The policies issued to the Association by the Pointe East Insurers shall be collectively referred to as the "Pointe East Policies."

## III.     JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000 as necessary repairs to the Pointe East Condominium complex has been estimated by the Association's experts to vastly exceed $75,000.

3.2     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Pointe East Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building are located in King County.

## IV.     FACTS

4.1     Incorporation by Reference. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     Tender to Philadelphia.  On September 17, 2019, the Association tendered claims to Philadelphia for recently discovered hidden damage including but not limited to hidden damage to exterior sheathing and framing at the Pointe East Condominium complex.

4.3     Investigation. The Association hired a forensic building envelope investigative firm, Evolution, to investigate the extent of damage at the Pointe East Condominium complex. Evolution in conjunction with Philadelphia's consultants performed a Joint Intrusive Investigation at the Pointe East Condominium complex. This investigation revealed extensive hidden damage to sheathing, framing, and weather resistive barrier throughout the property attributable to long term, incremental and progressive water damage. According to the Association's experts, the cost to repair the hidden damage at the Pointe East Condominium complex exceeds the jurisdictional limit of $75,000.

4.4     Philadelphia Denial. On November 24, 2020, Philadelphia wrongfully denied coverage for the Association's claim.

## V.     FIRST CLAIM AGAINST THE POINTE EAST INSURERS FOR DECLARATORY RELIEF THAT THE POINTE EAST POLICIES PROVIDE COVERAGE

5.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.4, above, as if fully set forth herein.

5.2     Declaratory Relief. An actual, present and justiciable controversy has arisen between the Association and the Pointe East Insurers regarding the interpretation of their policies. The

Case 2:21-cv-00615-JCC   Document 1   Filed 05/07/21   Page 4 of 8

Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A) The Pointe East Policies cover the hidden damage to exterior building components including but not limited to exterior sheathing and framing at the Pointe East Condominium complex.

(B) No exclusions, conditions, or limitations bar coverage under the Pointe East Policies.

(C) The loss or damage to the Pointe East Condominium complex was incremental and progressive. New damage commenced during each year of the Pointe East Policies.

(D) As a result, the Pointe East Policies cover the cost of investigating and repairing the hidden damage to exterior building components including but not limited to weather resistive barrier, exterior sheathing and framing at Pointe East Condominium complex.

## VI. SECOND CLAIM AGAINST PHILADELPHIA FOR BREACH OF CONTRACT

6.1 Incorporation. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2 Philadelphia has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Pointe East Condominium complex.

6.3 Philadelphia breached its contractual duties by wrongfully denying coverage on November 24, 2020, and by failing to pay the cost of repairing the covered damage to the Pointe East Condominium complex.

6.4 As a direct and proximate result of Philadelphia's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5 Additional Damages. As a direct and proximate result of Philadelphia's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CPA VIOLATIONS, AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660


## VII. THIRD CLAIM AGAINST PHILADELPHIA FOR INSURANCE BAD FAITH

7.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests, and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     Philadelphia had a duty to investigate, evaluate, and decide the Association's claim in good faith. Philadelphia breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Pointe East Condominium complex; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); (3) failing to acknowledge that there is coverage under its policy(s) when damage results from a concurrent combination of rain and bad construction or wear and tear; (4) failing to acknowledge that there is coverage under the resulting loss clause in its policy(s); and (5) failing to define terms in the Philadelphia policy pursuant to the plain meaning of the terms.

7.5 A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Philadelphia's conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Philadelphia to provide a reasonable explanation of the relevant facts, law and policy language.
- Which require Philadelphia to adopt and implement reasonable standards for the prompt investigation of claims.

7.6 Philadelphia's actions and omissions, including but not limited to its denial of coverage and failure to acknowledge pertinent coverage under its policy, are unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Philadelphia's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

### VIII. FOURTH CLAIM AGAINST PHILADELPHIA FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2 Violations of WAC claims handling standards are per se CPA violations. On information and belief, the conduct of Philadelphia was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Philadelphia's violations, the Association has been damaged in an amount to be proven at trial. The Association is

entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees under the CPA.

## IX.   PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1   <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that Pointe East Policies provide coverage as described herein.

9.2   <u>Money Damages</u>. For money damages in an amount to be proven at trial.

9.3   <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4   <u>CPA Penalties</u>.  For CPA penalties against Philadelphia of up to $25,000 per violation.

9.5   <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

## X.   DEMAND FOR JURY TRIAL

10.1   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 7th day of May, 2021.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
Jerry H. Stein, WSBA #27721
/s/ *Justin D. Sudweeks*
Justin D. Sudweeks, WSBA #28755
/s/ *Daniel J. Stein*
Daniel J. Stein, WSBA #48739
/s/ *Cortney M. Feniello*
Cortney M. Feniello, WSBA #57352
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: jstein@condodefects.com
       justin@condodefects.com
       dstein@condodefects.com
       cfeniello@condodefects.com
Telephone: (206) 388-0660

*Attorneys for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CPA VIOLATIONS, AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660